UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAQUAN REED,<br><br>Defendant. | Criminal Action No. 13-787-SDW-3<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about August 9, 2022, Defendant Laquan Reed ("Reed" or "Defendant"), a convicted and sentenced federal prisoner, filed a letter request seeking assistance to correct alleged errors in his criminal history score in his PSR. (ECF No. 190).

2. On September 26, 2017, after acceptance of Reed's guilty plea and denial of his motion to withdraw his guilty plea, this Court entered Judgment against Reed and sentenced him to 264 months' imprisonment. (ECF 110). Reed filed a notice of appeal on October 6, 2017, but he filed a motion to voluntarily dismiss his appeal, which the Third Circuit Court of Appeals granted on July 2, 2018. (ECF Nos. 123-24.)

3. On or about April 8, 2021, Reed filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *Reed v. United States*, 21cv8722 (SDW) (D.N.J. Apr. 8, 2021) ("Civ. Action 8722"). On November 30, 2021, this Court dismissed his § 2255 motion with prejudice as time-barred. (Civ. Action 8722, ECF No. 7.)

4. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

1

Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In rare situations, a petitioner can challenge his conviction under 28 U.S.C. § 2241, when § 2255 provides an inadequate or ineffective remedy. *Id.* This exception may not be invoked to avoid the "gatekeeping provisions" of § 2255, which include the bar on second or successive § 2255 motions without first obtaining permission from the appropriate Circuit Court of Appeals. *Id.*; *see* 28 U.S.C. § 2255(h).

5. Reed's challenge to his sentence is not based on one of the two provisions under § 2255(h);(1) newly discovered evidence that would establish his actual innocence *of the offense of conviction* or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable to challenge his criminal history score. Therefore, this Court does not find it in the interest of justice to transfer his letter request, pursuant to 28 U.S.C. § 1631, to the Third Circuit Court of Appeals for consideration as a second or successive § 2255 motion. Reed is not precluded from filing his request with the Third Circuit if he has a basis to do so.

**IT IS therefore on this 15th day of August 2022,**

**ORDERED** that Defendant's letter request challenging the criminal history score in his PSR (ECF No 190) is **DENIED** without prejudice to Defendant seeking permission from the Third Circuit to file a second or successive motion under 28 U.S.C. § 2255(h); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Defendant by regular U.S. mail.

_____
Hon. Susan D. Wigenton
United States District Judge