NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAQUAN REED,<br><br>Defendant. | Criminal Action No. 13-787-3 (SDW)<br><br>**WHEREAS OPINION**<br><br>February 14, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Defendant Laquan Reed's ("Defendant") Motion for Reconsideration (D.E. 162) of this Court's February 18, 2021 Letter Opinion and Order ("Order") (D.E. 152, 153) denying his Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 140); and

**WHEREAS** this Court's reasons for denying Defendant's Motion for Compassionate Release are detailed in the Letter Opinion dated February 18, 2021.  (D.E. 152.)  The Opinion noted that a sentence reduction can only be granted if there are "extraordinary and compelling reasons" for a reduction *and* this Court finds that a sentence reduction is warranted based on the applicable sentencing factors in 18 U.S.C. § 3553(a).  (*Id*. at 1–2.)  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  This Court first explained why it did not find Defendant's reasons for seeking release extraordinary and compelling.  (D.E. 152 at 3–4.)  The Opinion then went a step further and considered whether—even if Defendant's health conditions *were* extraordinary and compelling reasons for release—a sentence reduction would be warranted under the applicable sentencing factors in 18 U.S.C. § 3553(a).  (D.E. 152 at 4.)  This Court found that those factors

weighed against a sentence reduction, and thus concluded that Defendant's sentence would remain intact regardless of the severity of his health issues.  (*Id*. at 4.); and

**WHEREAS** on June 28, 2021, Defendant moved for reconsideration and requested counsel.  (D.E. 162.)  He has since filed several related letters giving more detail as to why he seeks reconsideration.  (D.E. 167, 177, 186.)  In December 2021, this Court granted the request of Defendant's former counsel, Karina Fuentes, to be relieved as counsel.  (D.E. 173, 175.)  On August 12, 2022, the Government filed a letter in opposition to Defendant's motion for reconsideration.  (D.E. 191.)  On September 9, 2022, Defendant's request for a 30-day extension to file a reply was granted.  (D.E. 201, 202.)  On October 12, 2022, this Court granted Defendant's subsequent request for an additional 45 days to file a reply, and denied his request for appointment of counsel.  (D.E. 205, 206, 207.)  More than 45 days have passed since that order was issued, and Defendant has not filed a reply or requested a further extension; and

**WHEREAS** a party moving for reconsideration of an order of this Court must file his motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked."  L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly."  *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted).  They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted).  They are "not a vehicle for a litigant to raise new

arguments." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013); and

**WHEREAS** Defendant's Motion for Reconsideration is untimely because it was filed more than three months after the 14-day time for requesting reconsideration had expired. (D.E. 153, 162.) *See* L. Civ. R. 7.1(i). Notwithstanding, this Court has considered the motion and all related letters, and finds that Defendant has not identified any intervening change in the relevant law, new evidence that was unavailable at the time the prior Opinion and Order were entered, or an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* D.E. 162, 167, 177, 186.) Defendant seeks reconsideration because (1) the Center for Disease Control ("CDC") now lists his medical conditions in a higher risk category than it did at the time of this Court's decision, and he has developed new health issues; and (2) as a result of his limited communication with counsel and counsel's ineffective assistance, a number of issues were not raised in his motion that Defendant believes are extraordinary and compelling reasons for a sentence reduction. (*See* D.E. 162; D.E. 177 at 1, 3–5; D.E. 184 at 1–2.) However, none of these claims warrant reconsideration because the prior Opinion determined that Defendant's sentence should not be reduced, based on the applicable 18 U.S.C. § 3553(a) factors, even if there *were* extraordinary and compelling reasons for a sentence reduction, and Defendant's claims do not address this Court's findings as to those factors. (D.E. 152 at 4.);[1] therefore,

---

[1] Defendant has no right to counsel in these proceedings. *United States v. Millhouse*, 2021 WL 3280789 at *3 (3d Cir. Aug. 2, 2021); *see United States v. Fleming*, 5 F.4th 189, 192 (2d Cir. 2021) (holding that a defendant filing a compassionate release motion under 18 U.S.C. § 3582(c) "has no constitutional or statutory right to the assistance of counsel"). Thus, he cannot raise an ineffective assistance claim, and this Court has considered his complaints about counsel's assistance only to determine whether they present a basis for reconsideration. *See Evitts v. Lucey*, 469 U.S. 387, 397 n.7 (1985) ("[T]he right to effective assistance of counsel is dependent on the right to counsel itself.") Defendant's letters also include challenges to the validity of his conviction and sentence. As this Court explained in its August 15, 2022 Opinion denying Defendant's letter request challenging the criminal history score in his pre-sentence report, the proper vehicle for such arguments is a motion under 28 U.S.C. § 2255, and Defendant must seek permission from the Third Circuit before filing another § 2255 motion. (D.E. 192.) *See* 28 U.S.C. § 2255(h); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).

Defendant's Motion for Reconsideration will be **DENIED**.  An appropriate order follows.


                            /s/ Susan D. Wigenton
                          **SUSAN D. WIGENTON, U.S.D.J.**


Orig: Clerk
cc:     Parties